**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Jones,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-20-00170-TUC-RCC (DTF)<br><br>**ORDER** |

On March 30, 2021, Magistrate Judge D. Thomas Ferraro filed a Report and Recommendation ("R&R"), recommending the Court affirm the final decision of the Commissioner. (Doc. 23.) The Magistrate Judge informed the parties they had fourteen days to file objections to the R&R, and an additional 14 days to respond. (*Id.* at 16–17.) Plaintiff filed a timely objection (Doc. 24); the Commissioner did not file a response.

Regardless of whether responses are filed, the Court must perform a de novo review of issues raised in an objection. *See* Fed. R. Civ. P. 72(b)(2)–(3) (requiring de novo review of objections, but not mandating a response); *see also* 28 U.S.C. § 636(b)(1)(C). Although it may benefit a party to file a response, the response must be filed within the time prescribed in Federal Rule of Civil Procedure 72(b)(2). The Commissioner chose not to respond to Plaintiff's objections. Accordingly, the Court has performed a de novo review of this matter without the benefit of the Commissioner's position.

///

*Objection #1: Failure to assess vertigo and neuropathy was not harmless error.*

Plaintiff makes three arguments as to why the Magistrate Judge's R&R was in error. (Doc. 24.) First, Plaintiff claims that although the Magistrate recognized that the ALJ erred when she failed to consider Plaintiff's benign paroxysmal vertigo (*see* AR 597–98, 902, 1032, 1076, 1178, 1082) or peripheral neuropathy (*see* AR 260), the Magistrate erroneously found that this error was harmless. (Doc. 24 at 2.)

The Magistrate Judge's R&R conceded that the ALJ did not explicitly consider Plaintiff's diagnoses of vertigo and neuropathy. The Magistrate noted that "the ALJ had a duty to consider [Plaintiff's] diagnoses," and how these ailments effected "his other impairments and his ability to work." (Doc. 23 at 7.) However, the Magistrate determined that Plaintiff had not shown any functional limitations caused by the vertigo and neuropathy that went beyond "facial[] limit[ations to] standing and walking." (*Id.* at 8.) The Magistrate recognized that Plaintiff was able to walk, sit, and lie down normally, even after the vertigo diagnosis, and that the ALJ permissibly "discounted [Plaintiff's] statements regarding his function because . . . they conflicted with his daily reported activity." (*Id.*) Thus, the Magistrate concluded, the RFC was supported, complete, and consistent with the record and adequate consideration of the vertigo and neuropathy limitations would not have changed the RFC. (*Id.*)

Plaintiff submits that the evidence shows these ailments effect his functioning, and that if the ALJ had evaluated these conditions, "the weight given to [Plaintiff's] statements about the intensity, persistence, and limiting effects of his conditions might have been different," and so the error could not have been harmless. (Doc. 24 at 2.)

The Court disagrees. The ALJ discounted Plaintiff's testimony about the impairment from his vertigo and neuropathy, stating that it was inconsistent with his activities and certain assessments. (AR 19.) Plaintiff has not demonstrated (1) that consideration of his vertigo and neuropathy diagnoses would have resulted in the ALJ providing a more favorable subjective testimony evaluation, (2) that he suffered limitations beyond facially limiting standing and walking, or (3) that a proper analysis

would have changed the RFC. Thus, Plaintiff has not demonstrated the RFC is incomplete or unsupported. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). The ALJ's error was therefore harmless.

*Objection #2: Disregarding Ben Schwartz's opinion was not harmless error.*

Second, Plaintiff believes the Magistrate Judge erred when he determined that the ALJ committed harmless error when she failed to provide a germane reason for rejecting physical therapist Ben Schwartz's opinion. (Doc. 24 at 2.)

The Magistrate Judge observed that the ALJ disregarded Schwartz's opinion "because he was not considered an acceptable medical source." (Doc. 23 at 2, 8 (citing AR 20).) The Magistrate acknowledged that it was unacceptable to dismiss this opinion without providing germane reasons for doing so. (*Id.* at 9 (citing *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 685, 694 (9th Cir. 2009).) However, the Magistrate noted the Ninth Circuit has concluded that when germane reasons for rejecting a lay witness are absent from the ALJ's opinion, "but [the ALJ] has already provided germane reasons for rejecting similar testimony, [the court] cannot reverse the agency merely because the ALJ did not clearly link his determination to those reasons." (Doc. 23 at 9 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a) (quotation marks omitted).) The Magistrate Judge indicated that while the ALJ had not provided germane reasons for giving no weight to Schwartz's opinion, the ALJ *had* addressed Plaintiff's limitations caused by the neuropathy and vertigo. (*Id.*) "Here," the Magistrate stated, "the ALJ rejected [Plaintiff's] statements concerning the intensity, persistence, and limiting effect of his symptoms because they were 'not entirely consistent with the medical evidence and other evidence on the record.'" (*Id.* (quoting AR 19).) Furthermore, the Magistrate noted that the ALJ believed Plaintiff's conservative treatment belied his allegations of impairment. (*Id.*) Plaintiff's alleged limitations were discredited because of "his normal gait and movement, reports that [his] pain was well managed and [the extent of his] reported daily activities." (*Id.* (citing AR 19) (quotation marks omitted).) Moreover, the Magistrate indicated that Plaintiff had "not provided any

- 3 -

argument as to why [the vertigo or neuropathy] would result in a further limitation than those already found beyond that they 'facially limit standing and walking.'" (*Id.* at 8 (citing Doc. 22 at 2).) The Magistrate opined the ALJ's observations about Plaintiff's minimal limitations from vertigo and neuropathy rendered any error harmless. (*Id.* at 10.) Plaintiff claims the Magistrate's assessment was in error because the analysis relies upon "grounds upon which the ALJ did not rely." (Doc. 24 at 2.)

The Court finds the Magistrate Judge's reasoning was relied upon by the ALJ. Plaintiff quotes *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), which states, "[the court] review[s] only the reasons provided by the ALJ *in the disability determination* and may not affirm the ALJ on a ground upon which [s]he did not rely." (Doc. 24 at 2 (emphasis added).) Plaintiff's argument would require that the Magistrate narrowly review only the reasons given for discounting the lay opinion, not the broader reasons for the disability determination. In this instance, the Magistrate Judge acknowledged that the ALJ committed an error by not providing germane reasons for giving no weight to Schwartz's opinion, but determined that the same limitations were addressed in the disability determination. This occurred when the ALJ found that Plaintiff's comments on the intensity, persistence, and limitations caused by the neuropathy and vertigo were "not entirely consistent with the medical evidence and other evidence on the record." (Doc. 23 at 9 (citing AR 19).) Moreover, Plaintiff did not challenge the ALJ's assessment that there was an inconsistency between Plaintiff's subjective limitations and his day-to-day activities. (*Id.*) This, the Magistrate Judge concluded, rendered the error harmless. (*Id.* at 9–10.)

The Magistrate Judge's conclusions were not in error; the reasons for discrediting Plaintiff's testimony applied equally to Schwartz's conjecture. *See Valentine*, 574 F.3d at 694 (permitting rejection of lay testimony based on similar reasons for which the ALJ rejected plaintiff's testimony).

*Objection #3: Crediting Schwartz's opinion would result in disability finding.*

Finally, Plaintiff claims the Magistrate erred finding the ALJ's error was harmless

because if Schwartz's opinion was credited, "it [would] result in a finding of disability." (Doc. 24 at 3.)

The "claimant bears the burden of proving that an impairment is disabling." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Here Plaintiff has not done so. The ALJ's RFC considered opinions which addressed Plaintiff's vertigo and neuropathy. The ALJ gave the opinion of Dr. Jerome Rothbaum substantial weight. (AR 19–20.) This opinion acknowledged Plaintiff's vertigo, but also noted that Plaintiff could walk, sit, and lie down normally and removed any postural limitations. (AR 593–94.). Plaintiff claims his limitations include an antalgic gait and decreased reflexes. (Doc. 18 at 8 (citing AR 1041).) But, the ALJ considered other exams showing that Plaintiff's gait and movements were normal. (AR 19 (citing AR 636–82, 1008–29).) In turn, the Magistrate Judge concluded Plaintiff "has not provided any argument as to why these conditions would result in a further limitation than those the ALJ already found beyond that they 'facially limit standing and walking.'" (Doc. 23 at 8 (citing Doc. 22 at 2).) The Court agrees. In sum, Plaintiff has not met his burden of showing that the RFC was "not supported by substantial evidence in the record." *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

After de novo review, IT IS ORDERED Magistrate Judge D. Thomas Ferraro's Report and Recommendation is ADOPTED. (Doc. 23.) IT IS FURTHER ORDERED the decision of the Commissioner is AFFIRMED.

Dated this 4th day of August, 2021.

_____
Honorable Raner C. Collins
Senior United States District Judge